908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Milton FLETCHER, Defendant-Appellant.
 No. 88-2161.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 11, 1990.
Decided July 19, 1990.
 
 Before WALTER J. CUMMINGS, and HARLINGTON WOOD, JR., Circuit Judges, and WILBER F. PELL, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Milton G. Fletcher, Jr. and co-defendant Fayez Karim were convicted of mail fraud, wire fraud and interstate travel for fraudulent purposes, for their participation in a scheme to acquire advance fees through false representations and fraud in violation of 18 U.S.C. Secs. 1341, 1342, 2314. Fletcher was sentenced to four concurrent four year prison terms followed by five years probation.
 
 
 2
 The evidence at trial was that Milton G. Fletcher, Jr. operated Federal Financial Corporation in Texas. Potential clients would contact him for assistance in obtaining sizable loans on large projects. Several clients testified that they were induced to pay large advance fees on Fletcher's assurances that he had a good source of funds in Chicago (Karim). Fletcher would inform them that his lender was from a wealthy Arab family, that Karim controlled millions of dollars in offshore trust funds and that Fletcher had successfully funded loans through Karim in the past. Several witnesses testified that they traveled to Chicago and mailed or wired substantial sums of money as advance fees on loans that never funded. These clients received no refunds. Others testified that they were induced by the same misrepresentations but refused to advance any moneys. In fact, Karim was not from a wealthy Arab family, did not have control or access to large sums of offshore trust moneys and Fletcher and Karim had never obtained loans for clients in the past.
 
 
 3
 Mr. Fletcher's court-appointed appellate counsel, Kevin P. Connor, has moved to withdraw on grounds that an appeal would be frivolous. In accordance with Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985) he filed, along with his motion, a brief setting forth those arguments that, in his professional judgment, might conceivably be the basis of an appeal. Mr. Fletcher was served with a copy of counsel's brief, motion to withdraw and a notice that he had 30 days to raise any points showing why the appeal was not frivolous. Cir.R. 51(a). The notice explained that the appeal could be decided adversely to him if he did not respond. At Fletcher's request, the record was sent to him and he was granted extensions of time totalling 90 days. To date Mr. Fletcher has not filed a response or any other motion and we now proceed without it.
 
 
 4
 In his Anders brief, Connor discusses three possible arguments that could be raised on appeal. We review them in turn.
 
 1. Preclusion of Good Faith Evidence
 
 5
 The district court granted a government motion in limine, barring the defendants from introducing evidence that Karim tried to obtain loans through other sources, in support of a good faith defense, and instructed the jury that
 
 
 6
 "Good faith is a defense to the charges contained in the indictment in that one who acts in good faith acts without intent to defraud. Good faith in this context means a genuine belief in the truth of representations. Here, a defendant asserts his good faith, that is, his genuine belief in the truth of certain representations he agrees he made to certain individuals ... An honest belief by the defendant that he will ultimately be able to perform what he has promised is not in itself a defense to the crimes charged." (trans. 2310)
 
 
 7
 Fletcher challenges the exclusion of evidence that he tried to secure loans for clients through other sources and the above good faith instruction. This claim is meritless. The government had to prove that Fletcher intentionally made representations to his clients which he knew were false when he made them. This "is all the government needed to establish to defeat defendant's claim of good faith." United States v. Alexander, 743 F.2d 472, 479 (7th Cir.1984); see also United States v. Themy, 624 F.2d 963, 968 (10th Cir.1980); United States v. Wrehe, 628 F.2d 1079, 1082-1083 (8th Cir.1989). The efforts Fletcher and Karim made toward actually procuring funds are simply irrelevant to whether the false representations were made. The motion in limine was properly granted and the instruction, as given, was proper.
 
 2. Severance
 
 8
 At trial, motions for severance based on opposite and mutually antagonistic positions were filed. The district court denied the motions as untimely and because the judge believed that acquittal of one defendant would not necessitate a guilty verdict for the other. It is well settled that joint trials of defendants involved in a common enterprise and inconsistent defenses are not enough to require severance. United States v. Briscoe, 896 F.2d 1476, 1518 (7th Cir.1990); United States v. Buljubasic, 808 F.2d 1260, 1263 (7th Cir.1987). Severance requires a showing of severe prejudice, is rarely reversed and is within the sound discretion of the trial judge. United States v. Velasquez, 772 F.2d 1348, 1352 (7th Cir.1985), cert. denied, 475 U.S. 1021 (1986); United States v. Shively, 715 F.2d 260, 267 (7th Cir.1983), cert. denied, 465 U.S. 1007 (1984). The trial judge properly denied the motions to sever and did not abuse his discretion.
 
 3. Non-Victim Testimony
 
 9
 Fletcher challenges the allowance of testimony of several witnesses who had been approached by the defendants but had lost no money. The judge weighed the probative value against any prejudice and allowed the testimony. The federal rules of evidence provide adequate protection from undue prejudice from evidence of other acts. Huddleson v. United States, 108 S.Ct. 1496, 1502 (1988). The trial judge has broad discretion in balancing the probative value of evidence against its prejudicial value and these decisions will be reversed only for an abuse of discretion. United States v. Harrod, 856 F.2d 996, 999 (7th Cir.1988). The record supports no such finding.
 
 
 10
 We conclude that none of these issues can be characterized as "arguable on their merits" Anders, 386 U.S. at 744. We have examined the entire record in this case, and have found no arguments more convincing than those presented by Mr. Connor. Accordingly, Mr. Connor's motion to withdraw is granted and the appeal is dismissed.
 
 
 11
 APPEAL DISMISSED.