**UNITED STATES of America, Plaintiff,**

v.

**David L. GOUDY, Defendant.**

**No. 93 CR 185.**

United States District Court,
N.D. Illinois, E.D.

Oct. 12, 1993.

Joshua T. Buchman, Asst. U.S. Atty., Chicago, IL, for plaintiff.

David D. Duggan, Abramson & Fox, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

LINDBERG, District Judge.

The government has indicted defendant, David L. Goudy, on four counts of bank fraud pursuant to 18 U.S.C. § 1344. The indictment charges defendant with fraudulently obtaining a line of credit at Citibank Federal Savings Bank ("Citibank") through false misrepresentations as to his employment and income. The indictment further charges defendant with knowingly depositing $27,700 in worthless checks in his Citibank checking account and subsequently withdrawing $17,200 from the account shortly after the checks were deposited.

The government has filed a Rule 404(b) notice of intent to offer evidence of defendant's three prior convictions to prove his intent, knowledge and lack of mistake in engaging in the financial transactions charged in the indictment. The government seeks to introduce defendant's 1982 conviction in the Circuit Court of Broward County, Florida ("1982 Florida conviction") for three counts of grand theft and one count of engaging in an organized scheme to defraud the United Federal Savings & Loan Association with the use of a fraudulent $91,000 check. The check was deposited into the United Federal Savings & Loan and the proceeds withdrawn before United Federal could determine that the check was worthless. The government offers a 1985 federal conviction in this district ("1985 federal conviction") for seven counts of conspiracy, bank theft and transportation of stolen securities. This conviction involved a scheme to defraud Chicago-area financial institutions by depositing stolen or worthless out-of-state checks into the financial institutions and then withdrawing the proceeds before the insufficient funds were discovered. The government also seeks to introduce defendant's March 1993 federal conviction in the Eastern District of Wisconsin ("1993 federal conviction") for two counts of bank fraud. Defendant was convicted for depositing stolen out-of-state checks into Milwaukee-area financial institutions and subsequently withdrawing the proceeds.

Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

FRE 404(b). The Seventh Circuit has set forth the following four part test for admissibility of Rule 404(b) "other crimes, wrongs or acts" evidence: (1) the evidence must be directed toward establishing a matter in issue other than defendant's propensity to commit the crime charged; (2) the evidence must be substantially similar and close enough in time to be relevant to the matter in issue; (3) the evidence must be sufficient to support a finding by the jury that defendant committed the similar act; and (4) the probative value of the evidence must not be substantially outweighed by its prejudicial effect. *United States v. Hudson*, 884 F.2d 1016, 1018–19 (7th Cir.1989).

Although the government did not specifically state in its Rule 404(b) notice that the bank fraud charges were specific intent crimes, the government indicated that it seeks to introduce this evidence in its case-in-chief because "it is required to prove beyond a reasonable doubt that defendant David L. Goudy knowingly and intentionally devised and executed the scheme to defraud described in the indictment." (Notice of Intent, p 2). The Seventh Circuit has distinguished between specific intent and general intent crimes for purposes of admission of Rule 404(b) evidence. *United States v.*

*Shackleford,* 738 F.2d 776, 781 (7th Cir.1984). The Seventh Circuit has created a per se rule for specific intent crimes which allows the government to introduce other acts evidence probative of intent in its case-in-chief as long as the requirements of Rule 404(b) are met. *United States v. Hudson,* 884 F.2d 1016, 1022 (7th Cir.1989). However, if the crime charged is a general intent crime, the government cannot introduce Rule 404(b) evidence in its case-in-chief unless defendant first places his intent in issue:

> We have previously distinguished between situations in which intent is an issue because the government must show specific intent as an essential element of the crime and when intent is only a formal issue that can be inferred from the act. When the crime charged requires proof of specific intent, we have held that, because it is a material element to be proved by the government, it is necessarily in issue and the government may submit evidence of other acts in an attempt to establish the matter in its case-in-chief, assuming the other requirements of Rules 404(b) and 403 are satisfied. *E.g., United States v. Weidman,* 572 F.2d 1199, 1202 (7th Cir.1978) (since in mail fraud case specific intent to defraud must be proved, government was entitled to introduce evidence of prior similar acts even though defendant had not disputed the issue by claiming he acted innocently or mistakenly). On the other hand, we have stated that when intent is only a formal issue, so that proof of the proscribed act gives rise to an inference of intent, then unless the government has reason to believe that the defense will raise intent as an issue, evidence of other acts directed toward this issue should not be used in the government's case-in-chief and should not be admitted until the defendant raises the issue.

*Shackleford* at 781. When the government must prove specific intent, however, defendant cannot prevent the introduction of evi-dence probative of intent by either failing to place his intent in issue or conceding the issue at trial:

> Intent was an element of proof in this case because the defendants were charged with a specific intent crime, and thus defendants could not, by conceding this issue, bar the government from submitting evidence to prove an element of the offense.

*Hudson* at 1022.

 In his objections to the government's notice of intent, defendant contends that the bank fraud charges are general intent crimes as the mental state set forth in the statute only requires that the conduct be "knowing." 18 U.S.C. § 1344.[1] Defendant further cites *Shackleford,* wherein the Seventh Circuit held that a statute with a general intent requirement of "knowing" was not a specific intent crime because the mental state could be inferred from the circumstances of the case. *Id.* at 781. Defendant contends that the 1982 Florida conviction and the 1985 federal conviction are specific intent crimes and therefore not probative of his "knowledge" of the scheme to defraud. Because defendant asserts that the bank fraud charges are general intent crimes, the court assumes that defendant is further arguing that the proposed Rule 404(b) evidence is not admissible in the government's case-in-chief unless defendant places his intent in issue.

While the express language of Section 1344 uses the mental state "knowing," the Seventh Circuit has found bank fraud to be a specific intent crime. *United States v. Harrod,* 856 F.2d 996, 1001 (7th Cir.1988) (specific intent is an essential element of bank fraud under Section 1344); *United States v. Sims,* 895 F.2d 326 (7th Cir.1990) (Seventh Circuit rejected defendant's arguments that the evidence did not prove beyond a reasonable doubt that defendant acted with specific intent to defraud a bank and that the district court improperly instructed the jury on the issue of specific intent); *United States v.*

---

1. Section 1344 provides:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both. 18 U.S.C. § 1344.

*105,800 Shares of Common Stock*, 830 F.Supp. 1101, 1123 (N.D.Ill.1993) (Section 1344 requires proof of a specific intent to deceive).

Other circuits have also found the bank fraud statute to be a specific intent crime. The Fifth Circuit determined that the requisite intent to defraud is established if defendant acted knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to himself. *United States v. Saks*, 964 F.2d 1514, 1518 (5th Cir.1992). The Fifth Circuit noted that Congress modeled Section 1344 on the mail and wire fraud statutes and that the courts should look to case law construing those statutes in determining the scope and proper interpretation of the bank fraud statute. *Saks* at 1520, citing H.R.Rep. No. 901, 98th Cong., 2nd Sess. 2 (1984); S.Rep.No. 225, 98th Cong., 1st Sess. 377 (1983).[2] The mail and wire fraud statutes have been commonly construed to be specific intent crimes. See *United States v. Weidman*, 572 F.2d 1199, 1202 (7th Cir.1978) (since in mail fraud case specific intent to defraud must be proved, government was entitled to introduce evidence of prior similar acts even though defendant had not disputed the issue by claiming he acted innocently or mistakenly).

In examining the legislative history of the bank fraud statute, the Second Circuit also observed that Congress modeled the statute on the mail and wire fraud statutes. *United States v. Stavroulakis*, 952 F.2d 686, 694 (2nd Cir.1992), citing H.R.Rep. No. 901, 98th Cong., 2d Sess. at 4 (1984). In looking to precedent construing the mail and wire fraud statutes, the Second Circuit determined that a conviction under the "scheme to defraud" clause of the bank fraud statute requires the defendant to engage in or attempt to engage in a pattern or course of conduct designed to deceive a federally chartered or insured financial institution into releasing property, with the intent to victimize the institution by exposing it to actual or potential loss. *Id.* at

694; See also *United States v. Ragosta*, 970 F.2d 1085, 1089 (2nd Cir.1992).

Based on this precedent which establishes the bank fraud statute as a specific intent crime, the government appears to be entitled to introduce Rule 404(b) evidence probative of intent in its case-in-chief as long as it meets the four part test for admission of such evidence.

The threshold inquiry for admission of Rule 404(b) evidence is whether the evidence is probative of a material issue other than defendant's character. The government seeks to introduce the evidence of defendant's prior convictions to show his intent, knowledge and lack of mistake in committing the alleged crimes. The first requirement of the four part test is met. Defendant's prior convictions are directed toward establishing matters in issue other than defendant's propensity to commit bank fraud. The convictions for engaging in an organized scheme to defraud, bank theft and bank fraud are probative of defendant's alleged knowledge and intent to devise and execute the scheme to defraud Citibank. The evidence is also probative of defendant's alleged lack of mistake in engaging in a course of conduct designed to deceive the financial institution into releasing its money.

The prior convictions are sufficiently similar and close enough in time to be relevant to the crimes charged. The fact that defendant's prior schemes may have involved the use of aliases or stolen checks as opposed to worthless checks does not amount to a significant distinction.

The convictions are also sufficient to support a finding by the jury that defendant committed the similar acts. The convictions are proof of the reliability of the evidence.

■ Finally, the probative value of the evidence is not outweighed by its prejudicial effect. Defendant contends that admission of Rule 404(b) evidence improperly creates a risk that the jury will convict him because they believe he is a bad person, rather than because he is guilty of the crimes charged.

---

**2.** The Seventh Circuit has also determined that Congress modeled the bank fraud statute after the mail and wire fraud statutes and intended the

statute to be construed broadly. *United States v. Hammen*, 977 F.2d 379, 382 (7th Cir.1992).

"Whatever its legitimate probative value, when considering extrinsic act evidence the jury is also susceptible to the inference that, simply because the defendant committed other crimes or disreputable acts, he is *by nature* more likely to have committed the crime charged." *United States v. York*, 933 F.2d 1343, 1349 (7th Cir.1991). While acknowledging that dual inferences may be drawn from admission of Rule 404(b) evidence, the Seventh Circuit has held that the dual nature of such evidence, standing alone, is insufficient to exclude it. *York* at 1352–53. Defendant must demonstrate that the illegitimate inference to be drawn from the Rule 404(b) evidence—once a perpetrator of bank fraud, always a perpetrator of bank fraud—substantially outweighs the legitimate inferences the evidence supports. This defendant has not done. When coupled with a limiting instruction, the court concludes the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *United States v. Penson*, 896 F.2d 1087, 1093 (7th Cir.1990); *United States v. Mazzanti*, 888 F.2d 1165, 1172 (7th Cir.1989) (the danger of unfair prejudice is minimized by an instruction which restricts the jury's consideration of the evidence to the purpose for which it was offered).

ORDERED: Defendant's objections to the government's Rule 404(b) notice of intent are overruled.