UNITED STATES of America,
Plaintiff-Appellee,

v.

Leslie EDWARDS, Defendant-Appellant.

No. 85–1934.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 24, 1985.
Decided Nov. 14, 1985.

Sheldon Nagelberg, Chicago, Ill., for defendant-appellant.

Scott F. Turow, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY, ESCHBACH and POSNER, Circuit Judges.

PER CURIAM.

■ Counsel for the defendant in this criminal appeal, which has not yet been briefed or argued, has submitted a document captioned "brief" which reads in its entirety as follows:

SHELDON NAGELBERG, appointed counsel for LESLIE EDWARDS, the Defendant-Appellant in the above numbered appeal, seeks permission of this Court to withdraw in accord with the principles enumerated in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accord with such SHELDON NAGELBERG certifies that

a. He has examined the entire transcript of the trial and sentencing hearing and cannot locate anything in the record that might arguably support an appeal;

b. He believes, after a conscientious examination of the record, that such an appeal is wholly frivolous, notwithstanding the existence of facts previously stated in SHELDON NAGELBERG'S *Petition Not To Be Appointed Counsel For the Defendant-Appellant,* and a *Petition For Reconsideration.*

The *Anders* decision cited in Mr. Nagelberg's "brief" allows an appointed counsel in a criminal appeal to seek permission to withdraw as counsel on the ground that an appeal would be in his opinion frivolous.

See 386 U.S. at 744, 87 S.Ct. at 1400. A lawyer, after all, has no duty, indeed no right, to pester a court with frivolous arguments, which is to say arguments that cannot conceivably persuade the court, so if he believes in good faith that there are no other arguments that he can make on his client's behalf he is honor-bound to so advise the court and seek leave to withdraw as counsel. The court can then decide whether to appoint another counsel or allow the appellant to proceed on his own.

■ In *Anders,* however, the Supreme Court disapproved the use of a "no merit" letter, see *id.* at 745, 87 S.Ct. at 1400, whereby the lawyer merely advises the court of his conclusion that the appeal is frivolous. Since, speaking realistically, a criminal defendant who has money will always be able to persuade some lawyer to prosecute an appeal for him, parity—or, again speaking realistically, an approximation to parity—between criminal defendants who do and those who do not have monetary means requires that the appointed counsel who wants to withdraw not leave his client wholly in the lurch, which is the practical consequence of the "no merit" letter. Instead he must file a brief that will advise the court of what points he might have raised and why he thinks they would have been frivolous. See *id.* at 744, 87 S.Ct. at 1400. This will assist the court in evaluating the defendant's *pro se* appeal, and will thus put the indigent defendant in about as good a position as that of the affluent defendant who can get a lawyer to make frivolous arguments on his behalf. This is the famous *"Anders* brief." See discussions by Judge (now Justice) Stevens, writing for this court in *Nickols v. Gagnon,* 454 F.2d 467 (7th Cir.1971), and more recently by the Fifth and Eleventh Circuits in *United States v. Johnson,* 527 F.2d 1328 (5th Cir.1976) (per curiam), and *United States v. Blackwell,* 767 F.2d 1486 (11th Cir.1985) (per curiam).

Although styled a "brief" (as was also true in *Johnson* and *Blackwell* ), Mr. Nagelberg's one-pager does not comply with the requirements of *Anders* and the other cases we have cited; it is, in fact, a "no merit" letter by another name. His motion

to withdraw as counsel is therefore denied and he is directed to file a brief that will comply with the requirements of the cited cases. The brief should (1) identify, with record references and case citations, any feature of the proceeding in the district court that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error; (2) sketch the argument for reversal that might be made with respect to each such potential ground of error; and (3) explain why he nevertheless believes that none of these arguments is nonfrivolous. It may of course be that in going through the exercise required by *Anders* Mr. Nagelberg will change his mind and decide that his client has a meritorious, or at least nonfrivolous, appeal after all.

MOTION DENIED, WITH DIRECTIONS.