920 F.2d 935
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose PAGAN, Defendant-Appellant.
 No. 89-2266.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.
Decided Dec. 5, 1990.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge*.
 
 ORDER
 
 2
 Jose Pagan plead guilty to one count of conspiracy to possess with intent to distribute over five kilograms of cocaine in violation of 21 U.S.C. Sec. 846. The district judge accepted Pagan's plea after a hearing, and at a separate sentencing hearing, sentenced Pagan to 72 months in prison. On appeal, Pagan's court-appointed counsel filed a motion to withdraw based upon his belief that any appeal in this instance would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified the defendant of his counsel's motion; however, Pagan did not file a response to the motion. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 3
 At the plea hearing, the government offered evidence in support of the elements of the conspiracy, and Pagan admitted the truth of the factual basis of the offense. At a separate sentencing hearing, the court notified Pagan that it would accept the terms of the plea agreement, departing substantially from the applicable guideline range under the United States Sentencing Commission Guidelines, based on Pagan's assistance to the government. The district court determined that the applicable guideline range in this case would set Pagan's term of imprisonment between 188 and 235 months. Pursuant to the terms of the plea agreement, the court sentenced Pagan to 72 months in prison to be followed by five years of supervised release. Thereafter, Pagan filed his notice of appeal.
 
 
 4
 A review of the record and the transcripts of both the plea hearing and the sentencing hearing indicate that, as defense counsel asserts, there are no grounds for an appeal from either the guilty plea or the sentence in this case. The plea was given freely and voluntarily with the advice of counsel, after Judge Moody fully apprised Pagan of his rights and of the consequences of a guilty plea. Similarly, there is no basis for an appeal from the sentence. The government fully complied with its obligations under the plea agreement. It dismissed the aiding and abetting count. In addition, the government filed the Motion to Depart from the Applicable Sentencing Guideline Range, and fully apprised the court of Pagan's cooperation. As a result, Pagan was sentenced in accordance with the plea agreement to 72 months in prison, a substantial downward departure from the applicable guideline range.
 
 
 5
 There are no nonfrivolous grounds for an appeal in this case; therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, South Bend Division, is sitting by designation