936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexandro L. ALEGRIA, Defendant-Appellant.
 No. 90-2650.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1991.*
Decided June 24, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Alexandro Alegria was convicted after a jury trial of aggravated sexual assault on an Indian reservation in violation of 18 U.S.C. Secs. 1153, 2241(a)(1) and 2254(2)(A). Counsel for Alegria on appeal has filed a motion to withdraw based upon his belief that any appeal in this case would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a) we notified Alegria of the motion and his right to raise issues in response, but Alegria has not responded. Because we find no meritorious issues for appeal, we grant the motion to withdraw as counsel and dismiss the appeal as frivolous.
 
 
 2
 At trial, Alegria pursued a defense of consent. He testified that he engaged in sexual intercourse with the victim, but that she consented. The victim testified for the prosecution and maintained that she was forcibly raped without her consent. The prosecution also introduced prior statements made by Alegria in which Alegria gave contradictory stories. In one statement, Alegria claimed that he never engaged in sexual intercourse with the victim, but that he had done so with the victim's mother. In a subsequent statement, Alegria acknowledged a sexual relationship with the victim, but asserted that it was consensual. The trial was thus a swearing contest, with the credibility determination to be made by the jury.
 
 
 3
 Counsel for Alegria asserts only two possible issues for appeal. The first is that trial counsel erred in introducing evidence of defense witness Pocan's prior conviction for burglary. Review of the transcript indicates that the error in introducing the burglary conviction did not rise to the level of ineffective assistance of counsel in the context of the trial as a whole. Moreover, counsel for Alegria could not show prejudice resulting from the error. Pocan testified that the defendant and the victim were "seeing each other", but did not give any opinion regarding the nature of their relationship. Pocan's testimony therefore was of limited relevance regarding the consent issue, particularly because all witnesses agreed that Alegria and the victim knew each other prior to the alleged rape.
 
 
 4
 The only other issue asserted by counsel for Alegria is that trial counsel may have erred in not making a motion for judgment of acquittal at the close of the case pursuant to Fed.R.Crim.P. 29(a). This argument is also without merit because the evidence in this case was clearly sufficient to support a finding of guilt beyond a reasonable doubt. No other potential issues are identified by counsel for Alegria. We have independently reviewed the record in this case, including the transcripts of the trial and sentencing hearing. That review has not revealed any meritorious issues which could be raised on appeal.
 
 
 5
 Therefore, the motion to withdraw as counsel is GRANTED and the appeal is DISMISSED as frivolous.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record