941 F.2d 1212
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Kellie K. GASSER, Defendant/Appellant.
 No. 90-3803.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 20, 1991.
Decided Aug. 23, 1991.
 
 Before CUMMINGS, POSNER, and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury found Kellie Gasser guilty on one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and two counts of knowingly and intentionally distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). On appeal, Gasser's appointed attorney, who had represented her at trial, filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Ms. Gasser of her attorney's motion, to which she responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Ms. Gasser's counsel identifies two possible issues for appeal. First, counsel states that sufficient evidence existed to support Ms. Gasser's convictions. We agree. At trial, the government produced several witnesses whose testimony sufficiently established Ms. Gasser's involvement in the charged conspiracy and her distribution of methamphetamine. Ms. Gasser presented testimony to the contrary. The trial was thus a swearing contest, with the credibility to be determined by the jury. See United States v. Cardona-Rivera, 904 F.2d 1149, 1152 (7th Cir.1990). Our review of the record, convinces us that a rational trier of fact could have found Ms. Gasser guilty of the charged offenses.
 
 
 3
 Second, counsel notes the potential issue that the district court erred in refusing to grant Ms. Gasser a two-point reduction for "acceptance of responsibility" pursuant to section 3E1.1 of the Sentencing Guidelines (the "Guidelines"). In denying the two-point reduction, the district court found that Ms. Gasser did not testify truthfully at her trial or her co-defendant's trial. The district court noted that her false testimony went to material matters in the trial. These factual findings are entitled to deference, given the district court's distinct advantage in evaluating Ms. Gasser's behavior at trial. United States v. Osborne, 931 F.2d 1139, 1154 (7th Cir.1991). Further, "[a] trial judge may consider [a defendant's truthfulness while testifying] in determining the sentence to be imposed...." United States v. Ford, 840 F.2d 460, 467 (7th Cir.1988). Our review of the sentencing transcript reveals no other issues upon which we could base a reversal of Ms. Gasser's sentence.
 
 
 4
 In Ms. Gasser's response to the Anders brief, she raises three additional issues which challenge counsel's performance at trial. Ms. Gasser asserts that counsel's failure to challenge the magistrates judge's recommendation not to suppress her statement amounted to ineffective assistance of counsel. Shortly after Ms. Gasser was arrested she gave a detailed statement admitting her possession and distribution of methamphetamine to two police officers. Prior to trial, Ms. Gasser made a motion to suppress this statement alleging that the officers continued to interrogate her even after she requested an attorney. After hearing testimony, the magistrate judge recommended that the motion to suppress be denied. At trial, the district court inquired as to whether the defense intended to pursue an objection to the use of the statement. The defense told the judge that it did not intend to challenge the voluntariness of Ms. Gasser's statements because the magistrate judge's determination that the statement was constitutionally obtained was a factual, rather than a legal determination.
 
 
 5
 Underlying the magistrate judge's determination that the statement was lawfully obtained was its finding that Ms. Gasser never asked for counsel. In her response to the Anders brief, Ms. Gasser essentially challenges the magistrate judge's determination that the arresting police officer's testimony was more credible than her testimony. The factual findings supporting the decision to deny a motion to suppress will be overturned only if they are clearly erroneous. United States v. Parker, No. 87-3023 slip op. at 5 n. 5 (7th Cir. July 10, 1991). The clearly erroneous standard is particularly deferential to the fact-finder's credibility determinations. United States v. Haddon, 927 F.2d 942, 945 (7th Cir.1991). The officers' testimony was in direct conflict with Ms. Gasser's testimony. Thus, the evidentiary hearing amounted to a swearing match. "In a swearing contest, the trial judge's (or jury's) choice of whom to believe is conclusive on the appellate court unless the judge credits exceedingly improbable testimony." Cardona-Rivera, 904 F.2d at 1152. The arresting officers' testimony was not improbable. Ms. Gasser's own statement that the officer's continued to question her after she asked for an attorney is the only evidence oppossed to that of the officers. This credibility determination may not be disturbed See United States v. Ramos, No. 90-2383, slip op. at 15 (7th Cir. May 10, 1991) ("fact-finder's choice between two permissible views of the evidence cannot be clearly erroneous"). Therefore, counsel's failure to object to the magistrate judge's recommendation does not amount to ineffective assistance of counsel.
 
 
 6
 Next, Ms. Gasser asserts that counsel was ineffective because he "refused to subpoena two witnesses whom Appellant [sic] feels would have helped her case, and he did not pursue another witness who originally agreed to testify ... but later refused to testify because of threats made by a government witness." Ms. Gasser does not tell this court what the witnesses' testimony would have been or even the names of these witnesses. Ms. Gasser's mere statement that favorable witnesses existed cannot sustain an ineffective assistance claim. See United States v. Muehlbauer, 892 F.2d 664, 669 (7th Cir.1990) (rejecting ineffective assistance claim based on defense counsel's failure to call witnesses because the defendant did not show on the record what those witnesses would have said); United States v. Ashimi, No. 90-1014, slip op. at 13-14 (7th Cir. May 14, 1991) (defendant's self-serving speculation that testimony would have been favorable to his defense will not support ineffective assistance claim). Consequently, this court attributes counsel's failure to call the witnesses to routine trial stratagem. Ashimi, No. 90-1014, slip op. at 14 n. 19, citing, Muehlbauer, 892 F.2d at 669.
 
 
 7
 Finally, Ms. Gasser argues that counsel was ineffective because he failed to cross-examine a government witness as to his alleged admission to a defense witness that he lied about Ms. Gasser's involvement in the case. Ms. Gasser does not identify these witnesses for the court and there is nothing in the record which sheds light on her claim. Our review of the record does reveal that defense counsel vigorously cross-examined the government's witnesses about the truthfulness of their testimony and their reasons for testifying against Ms. Gasser. Although we do not exclude the possibility that on a more complete record compiled in proceedings under 28 U.S.C. § 2255 Ms. Gasser might be able to show ineffective assistance of counsel, on this record she cannot. United States v. Taglia, 922 F.2d 413, 417-418 (7th Cir.1991) (discussing procedural posture of ineffective assitance claims).
 
 
 8
 There are no nonfrivolous grounds for an appeal in this case; therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. In light of this dismissal, Ms. Gasser's requests for appointment of counsel and trial transcripts are DENIED as moot.