952 F.2d 1398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy G. ROPER, Defendant-Appellant.
 No. 91-2254.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.
Decided Jan. 23, 1992.
 
 Before POSNER, COFFEY, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Roy Roper was convicted after a jury trial of making a false statement in violation of 18 U.S.C. § 1001 and was sentenced to 27 months in prison. On appeal, Roper's appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Roper of his attorney's motion, to which he responded. Finding no meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 On January 18, 1991, an anonymous phone call to the Scott Air Force Base stated that Julie Goebel had said that Rizwan Nazir was going to place a bomb at the Air Force Base. The call was traced to the defendant, so agents of the Federal Bureau of Investigation (FBI) and of the Office of Special Investigations (OSI) of the Air Force Base visited Roper at his place of employment. He admitted making the phone call and stated it was truthful. The FBI and OSI agents testified that he later admitted that he fabricated the story and signed a handwritten statement to that effect.
 
 
 3
 Roper's motion to suppress the handwritten statement was denied. He testified both at the suppression hearing and at trial that he signed the statement under the impression that the agents thought he was lying, and that there would be no further consequences if he would only admit that he had not told the truth.
 
 
 4
 In the Anders brief, counsel discusses the following issues which Roper conceivably could argue on appeal: 1) whether there was sufficient evidence to support a guilty verdict; 2) whether the trial court erred in denying defendant's motion to suppress his statement; and 3) whether the trial court abused its discretion in sentencing Roper at the high end of his Sentencing Guideline range. In Roper's response to the Anders brief, he raises the additional issue of ineffective assistance of counsel in violation of the Sixth Amendment.
 
 I. Insufficient Evidence
 
 5
 In reviewing the sufficiency of the evidence to support a criminal conviction, the proper inquiry is if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Where, as here, the challenge to sufficiency is based on the credibility of witnesses, we must defer to the determination of the jury in the absence of extraordinary circumstances. United States v. Beverly, 913 F.2d 337, 360 (7th Cir.1990), cert. denied, 111 S.Ct. 766 (1991).
 
 
 6
 There are no "extraordinary circumstances" in this case. The prosecution's theory was that Roper had made the false statement in order to harass his ex-girlfriend and get her into trouble with the authorities. At trial, key testimony was provided by Martin Edwards, one of the investigating officers who had interviewed Roper at his place of employment; Julie Goebel, Roper's ex-girlfriend and the person who allegedly told him about the bomb; and Angela Stallard, a close friend of Goebel's and an acquaintance of the defendant. Defense counsel diligently attempted to impeach these witnesses, but the jury chose to believe them and not Roper. Nothing in the record supports the argument that the testimony of any of the prosecution's witnesses was inherently unreliable.
 
 II. Motion to Suppress
 
 7
 The motion to suppress the written statement signed by Roper in the presence of the FBI and OSI officers was properly denied by the district court. He was not in custody, compare Miranda v. Arizona, 384 U.S. 436 (1966), so the fact that the officers did not apprise him of his constitutional rights is not grounds for suppression. He was interviewed at his place of employment, not a police station, and the officers informed him that he was not required to speak to them. Roper agreed to answer their questions of his own free will. He did testify that the agents implicitly promised him that no more would come of the matter if he signed the statement, but it is not surprising that the district court gave little weight to this testimony in light of Roper's inability to remember the details of any implicit promise, and the fact that the statement itself recited that no promises had been made.
 
 III. Sentencing
 
 8
 A defendant's appeal of a sentence imposed under the Sentencing Guidelines is limited by 18 U.S.C. § 3742(a) to cases where the sentence imposed is 1) in violation of the law; 2) a result of incorrect application of the guidelines; 3) greater than the sentence specified in the applicable guideline range; or 4) plainly unreasonable and imposed for an offense for which there is no sentencing guideline. Roper's sentence falls into none of these categories.
 
 
 9
 The guideline section ordinarily applicable to an offense under 18 U.S.C. § 1001 is 2F1.1. However, the district court correctly chose section 2A6.1 on Threatening Communications as the appropriate guideline under the Statutory Index notation that "[i]f, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted." Section 2A6.1, with a base offense level of 12, is the most appropriate guideline for Roper's conduct. The offense level was then decreased by 4 under section 2A6.1(b)(2) since "the defendant's conduct involved a single instance evidencing little or no deliberation," and then increased by 2 for obstruction of justice under section 3C1.1. This produced a total offense level of 10, while the defendant's prior criminal history places him in Criminal History Category V. The sentencing range under the guidelines is 21-27 months, and after a hearing the district court sentenced Roper to 27 months imprisonment, two years probation pursuant to section 5D1.2(b)(2) of the guidelines, and a special assessment of $50.00.
 
 
 10
 Roper's sentence is a correct application of the guidelines. His only complaint is that he was sentenced to the high end of his guideline range. By virtue of 18 U.S.C. § 3742(a), however, this court lacks jurisdiction to review the propriety of a sentence that is within the applicable guideline range. See United States v. Franz, 886 F.2d 973 (7th Cir.1989); United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990).
 
 IV. Ineffective Assistance of Counsel
 
 11
 A defendant faces an arduous task in demonstrating ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). Roper makes general allegations that his attorney was prejudiced against him, was involved with too many other cases, did not do sufficient research on his case, and did not submit all relevant evidence to the jury. He offers no specific examples or reasons to support these assertions, and our review of the record discloses no instances where defense counsel's performance can be classified as constitutionally deficient. Roper's claims of ineffective assistance do not stand up under the Strickland analysis.
 
 
 12
 There are no nonfrivolous grounds for an appeal in this case. Therefore, counsel's motion to withdraw from representation in the case is GRANTED, and the appeal is DISMISSED.