972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose O. AGUIRRE, Defendant-Appellant.
 No. 90-3269.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 24, 1992.
Decided Aug. 6, 1992.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, 90 CR 202; James B. Moran, Chief Judge.
 N.D.Ill.
 APPEAL DISMISSED.
 CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 This matter comes before the court on a motion filed pursuant to Circuit Rule 51(a) by attorney Richard R. Mottweiler to withdraw as court-appointed counsel for appellant Jose O. Aguirre. Attorney Mottweiler's motion and supporting brief, filed pursuant to Anders v. California, 386 U.S. 738 (1967) and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), claim that all issues on appeal are frivolous.[1]
 
 
 2
 A jury convicted Aguirre on one count of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. On direct examination of a government informant, the prosecution sought to admit into evidence statements of Luis Heredia. Defense counsel objected to the admission of Heredia's statements on the ground that Heredia was not a coconspirator and thus his statements were not exempt from the rule against hearsay by Federal Rule of Evidence 801(d)(2)(E). The district court admitted the statements on the condition that, by the end of the government's case, the government show by a preponderance of the evidence that Aguirre was a member of a conspiracy and that the statements by Heredia were in furtherance of the conspiracy. At the close of the government's case, the court found that the government had met its burden, and Heredia's statements were admitted.
 
 
 3
 The record discloses the following facts. Domingo Alvarez, the government informant, testified that he was introduced to Heredia on February 5, 1990. According to Alvarez, Heredia stated that he knew people involved in the cocaine trade and that he would tell them about Alvarez' desire to sell cocaine. Heredia, who was to get a commission on any sales he arranged, discussed with Alvarez the sale price. On February 24, Heredia phoned Alvarez and said that he would introduce Alvarez to two people who were interested in buying cocaine. Aguirre was one of the people to whom Heredia introduced Alvarez later that day. As a result of the meeting, which Heredia attended, Alvarez and Aguirre agreed that if Aguirre wanted to buy some cocaine, he would contact Heredia who would get in touch with Alvarez. After Aguirre left, Heredia told Alvarez that Aguirre was one of the people he trusted the most and that Aguirre had a good reputation as a cocaine seller. Two days later, Aguirre contacted Alvarez through Heredia and arranged a cocaine deal. Government agents arrested Aguirre and an accomplice the next day as the exchange took place.
 
 
 4
 In making its determination of the admissibility of Heredia's statements under Rule 801(d)(2)(E), the district court is entitled to rely on the statements sought to be introduced. The court is permitted to consider the challenged statements along with other evidence. See Bourjaily v. United States, 483 U.S. 171, 176-81 (1987).
 
 
 5
 On this standard, there was ample evidence supporting both the existence of a conspiracy between Heredia and Aguirre and that Heredia's statements were in furtherance of that conspiracy. Heredia knew people in the cocaine trade and offered to introduce Alvarez to potential buyers, one of whom was Aguirre. Aguirre showed up at a meeting with Alvarez and Heredia and made arrangements for contacting Alvarez through Heredia when he wanted to buy cocaine. This is not a case where Heredia simply helped a willing seller locate a willing buyer. Rather, Heredia was substantially involved in the entire transaction. Not only did he introduce Aguirre and Alvarez, he also provided a meeting place for them at his restaurant and served as a means for Aguirre to contact Alvarez when he wanted to buy cocaine. In addition, before the first meeting between Alvarez and Aguirre, Heredia asked Alvarez what the price of the cocaine would be. Alvarez answered $17,500 or $18,000 per kilogram. Heredia then said that he would sell to his customers for $20,000 per kilogram. Although the exchange occurred directly between Alvarez and Aguirre, Heredia clearly considered Aguirre to be one of his customers, a view borne out by the fact that Aguirre brought $20,000 to the exchange--the exact amount set by Heredia for "his" customers. In light of these circumstances and Heredia's statement that Aguirre had a good reputation as a cocaine seller and was one of the people he trusted most, a rational trier of fact could well conclude that Aguirre and Heredia were in a conspiracy as charged. On appeal from a conviction, we are constrained to view the evidence in the light most favorable to the prosecution. United States v. Cea, 914 F.2d 881, 885 (7th Cir.1990). We would be unable to conclude that the district court committed clear error by finding that Heredia was a coconspirator. United States v. Shoffner, 826 F.2d 619 (7th Cir.), cert. denied sub nom. Stange v. United States, 484 U.S. 958 (1987). Thus, any appeal concerning the admission of Heredia's statements would be frivolous.
 
 
 6
 Because our review of the record reveals no other basis upon which Aguirre might appeal, we GRANT Attorney Mottweiler's motion to withdraw, and we DISMISS the appeal as frivolous.
 
 
 
 [1]
 Although notified of his right to respond to the motion pursuant to Circuit Rule 51(a), Aguirre has failed to do so