974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pete UPTHEGROVE, Defendant-Appellant.
 No. 91-2991.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1992.
Decided Sept. 3, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pete Upthegrove entered a guilty plea to one count of conspiracy to possess marijuana with intent to distribute. 21 U.S.C. § 846. Upthegrove's appointed counsel has filed a motion to withdraw from representation in this case, believing an appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified Upthegrove of his attorney's motion, and we have received no response. In the Anders brief, counsel discusses the following issues which Upthegrove might argue on appeal: 1) whether the dry weight of the marijuana should be used in calculating the base offense level instead of the wet weight; 2) whether the sentencing judge erred in refusing to grant a departure for acceptance of responsibility; and 3) whether the poor quality of the marijuana is a factor justifying a discretionary downward departure. We discuss the first two issues below. The marijuana quality issue is addressed in a published opinion issued in conjunction with this order.
 
 
 2
 Upthegrove was a marijuana picker in an extensive marijuana distribution scheme. He spent six nights in Indiana helping to harvest about 700 pounds of wet marijuana. He spent one night in Nebraska, helping to pick about 140 pounds of wet marijuana. Upthegrove also transported the 140 pounds of wet marijuana by car from Nebraska to Indiana. The district court found Upthegrove, as a member of the conspiracy, responsible for a total of three-thousand to four-thousand pounds of marijuana (including the 840 wet pounds), producing a base offense level of 32. The district court applied a two-level reduction because Upthegrove was a minor participant in the conspiracy. In response to the government's motion requesting a downward departure for substantial assistance to authorities under U.S.S.G. § 5K1.1, the district court granted an additional eight-level reduction. The district court refused to give a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, primarily because Upthegrove had failed to withdraw from criminal conduct. In November 1990, two months after his pretrial release in this case, he was arrested for driving while intoxicated. He tested positive for marijuana in urine tests conducted in December 1990, and in February 1991. Subsequent urine tests proved negative. The district court sentenced Upthegrove at the lower end of the applicable guideline range to forty-one months imprisonment
 
 Dry v. Wet Weight
 
 3
 This Court has previously had the opportunity to address the propriety of premising a base offense level on the wet weight as opposed to the dry weight of marijuana. In United States v. Garcia, 925 F.2d 170, 172 (7th Cir.1991), we stated that if the material in question is a "mixture or substance" containing marijuana, "its entire weight when seized, including any existing moisture content, is relevant for sentencing purposes." Garcia controls the present case. The district court did not err in using the wet weight of the marijuana to calculate the base offense level. See also Chapman v. United States, 111 S.Ct. 1919 (1991) (holding weight of blotter paper is included when determining weight of LSD for sentencing purposes under 21 U.S.C. § 841(b)(1)(B)).
 
 Acceptance of Responsibility
 
 4
 The district court refused to grant Upthegrove a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court's determination is a question of fact subject to clearly erroneous review. United States v. Osborne, 931 F.2d 1139, 1154 (7th Cir.1991). In concluding that Upthegrove was not entitled to this adjustment, the district court carefully evaluated each of the considerations set forth in U.S.S.G. § 3E1.1 Application Note 1. The district court found that Upthegrove's post-arrest criminal activity weighed heavily against an adjustment for acceptance of responsibility. He was arrested for driving under the influence, and twice tested positive for drug use. Despite his subsequent negative drug tests, we cannot hold that the district court's finding is clearly erroneous.
 
 
 5
 As explained in our opinion, because the low drug quality argument is not frivolous, counsel's motion to withdraw from representation in the case is DENIED. However, none of Upthegrove's arguments merit reversal, so the judgment of the district court is summarily
 
 
 6
 AFFIRMED.