974 F.2d 1340
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan R. RODRIGUEZ, Defendant-Appellant.
 No. 91-1830.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 5, 1992.
Decided Sept. 11, 1992.
 
 Before CUDAHY and COFFEY, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Juan Rodriguez of conspiring to possess heroin and cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a) and 846. On appeal Rodriguez's appointed counsel, David Lowe, moved to withdraw, claiming that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We denied counsel's initial motion because his brief in support of the motion did not meet the minimum requirements of Edwards. He has filed a new brief in support of his motion to withdraw in which he identifies two potential issues that he concludes would, in the event they were pursued, be frivolous. Rodriguez responded to this motion pursuant to Circuit Rule 51(a). Lowe's second submission, although better than the first, is still a marginal product, barely meeting the minimum requirements of Edwards.
 
 
 2
 The first potential problem occurred in the composition of the venire. Rodriguez claims that ten-percent of the people in the Milwaukee area are hispanic yet only one hispanic juror sat, and that person sat as an alternate who did not get to vote. This appears to be the first time in this case that this argument has been raised, in which case it would be waived. United States v. Adamo, 882 F.2d 1218, 1233 (7th Cir.1989). The claim in any event has no substance. The Sixth Amendment right to an impartial jury is offended "if the jury pool is made up of only segments of the populace or if large, distinctive groups are excluded from the pool." Taylor v. Louisiana, 419 U.S. 522, 531 (1975). Two of thirty-one veniremen were hispanic. Of these two, one was dismissed for cause because of the possibility that she knew a witness, and the other served as an alternate juror. The venire was made up of a fair cross-section of the community; nothing from the record adds to Rodriguez's suggestions otherwise.
 
 
 3
 The second potential problem relates to the government's use as evidence of Rodriguez's involvement in two drug deals. The drug deals were initially charged against Rodriguez and his coconspirators as substantive offenses of heroin and cocaine dealing. The government was set to prove that Rodriguez was responsible for the heroin part of those substantive counts. After the grand jury handed down the indictment, however, the results of lab testing revealed that the substance the government accused Rodriguez of dealing was not technically heroin but monacetylmorphine, a class II substance to which the charged substantive counts did not apply. The government dismissed the charges to avoid a variance but it concluded that the conduct giving rise to those charges was relevant to the remaining conspiracy charge.
 
 
 4
 The government wanted to introduce evidence showing that drug deals occurred on October 15, 1990 and on November 1, 1990. It then would put on a witness to testify that Rodriguez had been at the October 15th deal, and that he was the source of the November 1st deal. The government argued that, this being a conspiracy case, it needed to introduce circumstantial evidence showing that Rodriguez knew about and was part of the planning of this conspiracy. Though the substantive counts were dismissed, the government argued, the conspiracy comprised these deals so Rodriguez's involvement in them showed his knowledge of and involvement in the larger conspiracy. The court, citing United States v. Elizondo, 920 F.2d 1308 (7th Cir.1990), admitted the drug deals into evidence.
 
 
 5
 We would reverse the court's ruling only if it abused its discretion by admitting the evidence. United States v. Hartmann, 958 F.2d 774, 782 (7th Cir.1992). Whether Rodriguez's involvement in two monacetylmorphine deals shows his involvement in a heroin conspiracy is a close call. But the deference we must give to the court's ruling, coupled with the fact that the evidence was put to limited use and was joined by a lot of other evidence leads to the conclusion that, at worst, any error would have been harmless beyond a reasonable doubt. As Rodriguez's counsel points out, and as Rodriguez himself concedes, the government on its own told the jury that Rodriguez was only being tried for conspiring to distribute the heroin in a heroin-and-cocaine conspiracy, and that the other transactions were circumstantial evidence of that crime--not a separate offense and not to be viewed as one. And even without this evidence a jury could have found that the government proved its case against Rodriguez.
 
 
 6
 Our perusal of the record revealed no other meritorious grounds for appeal. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.