977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glenn D. DREYER, Defendant-Appellant.
 No. 90-2421.
 United States Court of Appeals, Seventh Circuit.
 Oct. 7, 1992.
 
 Before EASTERBROOK, and KANNE, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Pursuant to a plea agreement Glenn Dreyer pleaded guilty to the use of a telephone to facilitate the distribution of a controlled substance in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 and was sentenced to eighteen (18) months in prison. On appeal, Dreyer's appointed counsel filed a motion to withdraw contending that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a) we notified Dreyer of the motion, to which he responded.
 
 
 2
 In reviewing this case we found the record on appeal insufficient and directed the record to be supplemented and that defendant's counsel supplement the Anders brief on the guilty plea and sentencing hearing issues. That has been done.
 
 
 3
 The only issue raised with any possible merit is the claim that the district court abused its discretion in denying the defendant's request for a withdrawal of his guilty plea and for new counsel.
 
 
 4
 The plea agreement provided that Dreyer would plead guilty to two counts of a four-count indictment for the use of a telephone to facilitate the distribution of a controlled substance. The plea agreement delineated the rights that Dreyer was waiving by entering into the agreement in exchange for the government's promise to drop the other two counts. The government kept its promise and the other two counts were dismissed. The defendant does not claim that the government violated its plea agreement.
 
 
 5
 After the plea agreement but prior to sentencing, Dreyer filed a pro se letter seeking to withdraw his guilty plea and for new appointed counsel. The district court denied Dreyer's request at the sentencing hearing and imposed eight-month sentences (to run concurrently) for each of the two counts under the plea agreement.
 
 
 6
 A guilty plea must be knowing and voluntary. U.S. v. Broce, 488 U.S. 563, 569 (1989). In the change of plea hearing of August 23, 1990 the court asked Dreyer if he understood the nature of the charges to which he responded, "Yes. I am satisfied." Dreyer testified under oath that no one had threatened or forced him to plead guilty and that he had sufficient opportunity to discuss his case with his lawyer. Judge Curran provided a very complete and careful Rule 11 hearing. The defendant was able to negotiate for himself a favorable modification in the plea agreement and was not dissatisfied at the time. The defendant not only had three years of college, but also had considerable practical experience in the criminal justice system. He had eleven prior experiences with the criminal justice system. Accordingly, we find no merit to Dreyer's claim that his guilty plea was unknowing or involuntary.
 
 
 7
 Finally, Dreyer's claim that the district court erred when it denied his request for new counsel is also without merit. Denial of a motion for substitution of counsel constitutes reversible error only if there exists a demonstrable conflict of interests or if the defendant and counsel are distinctly at odds as to prevent presentation of an adequate defense. U.S. v. Hillsberg, 812 F.2d 328, 333 (7th Cir.1987), cert. denied, 481 U.S. 1041 (1987); U.S. v. Horton, 845 F.2d 1414, 1418 (7th Cir.1988). Dreyer could point to no conflict of interest between himself and counsel saying only that he wished to have more time to further ponder the situation with a new lawyer. The district court correctly noted that Dreyer knowingly and intelligently accepted his plea and that his request for new counsel was brought only to further delay the proceedings. Accordingly, since no conflict of interest between Dreyer and counsel appears in the record, we conclude that the district court did not abuse its discretion in denying Dreyer's request for new counsel.
 
 
 8
 We find no nonfrivolous grounds for an appeal in this case. Therefore, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.