2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl WHITBY, Defendant-Appellant.
 No. 92-3733.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.
Decided Aug. 5, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Carl Whitby pleaded guilty to distribution of a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1). Finding him to be a career offender under U.S.S.G. Sec. 4B1.1 the court sentenced him to 210 months in prison. Whitby's court-appointed attorney believes that any appeal would be frivolous, and has filed a motion to withdraw. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985); 7th Cir.R. 51(a). Whitby was notified of his right to raise any challenges to his conviction or sentence but has not done so. Having reviewed the record we agree that any appeal would be frivolous. Whitby might contend, as he did in the district court, that he does not qualify as a career offender. To be a career offender, however, a defendant need only have been convicted of a crime of violence or a controlled substance offense and have two prior convictions fitting those categories. U.S.S.G. Sec. 4B1.1. Whitby's current crime was distribution of a controlled substance. His prior convictions were for possession of cocaine and second degree sexual assault. Possessing cocaine is a controlled substance offense. U.S.S.G. Sec. 4B1.2(2). Second degree sexual assault is a violent crime because it "has as an element the use, attempted use, or threatened use of physical force against the person of another," and is punishable by imprisonment for more than a year. U.S.S.G. Sec. 4B1.2(1); Wis.Stat. Secs. 940.225(2) & 939.50(2)(c).
 
 
 2
 Whitby's attorney does not mention any other challenges to the sentence or plea, nor does it appear from the record that any other challenges could be made. Accordingly, the Anders motion to withdraw is GRANTED and Whitby's conviction and sentence are AFFIRMED.