37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Carolyn RACINE, Defendant-Appellant.
 No. 92-1306.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.
Decided Oct. 24, 1994.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 90 CR 888; James F. Holderman, Judge.
 
 
 1
 N.D.Ill.
 
 
 2
 DISMISSED.
 
 Order
 
 3
 Carolyn Racine was convicted of arson for setting fire to her restaurant, and of mail fraud for using the mails to submit a claim for insurance proceeds. 18 U.S.C. Secs. 844(i), 1341. Her attorney filed a memorandum concluding that no non-frivolous issue is available on appeal. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We invited Racine to respond to this submission; she did not do so. After an independent examination we agree with counsel's assessment. We grant the motion to withdraw and dismiss the appeal as frivolous.
 
 
 4
 Counsel's memorandum addressed the sufficiency of the evidence and the propriety of the sentence. The evidence was indeed overwhelming, and the sentence is lawful. (The crime occurred before November 1, 1987, so the Sentencing Guidelines do not apply. The sentence is within the statutory range.) There are no apparent trial errors. Only one other issue deserves brief comment. The district judge ordered Racine to submit to a psychological examination to determine whether she was fit to stand trial. Counsel did not object to the conclusion (which the district court shared) that she was. The propriety of such an evaluation suggests close attention to some of the more important decisions Racine made during trial, such as the decision not to testify in her own defense. An examination of the record shows, however, that the district judge gave close attention to this issue, carefully probing Racine's reasoning process and concluding that Racine understood and voluntarily surrendered her rights. Tr. 408-11.
 
 
 5
 The motion to withdraw is granted, and the appeal is dismissed.