51 F.3d 276
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Bill T. WALKER, Respondent.
No. D-228.
 United States Court of Appeals, Seventh Circuit.
 March 28, 1995.
 
 Attorney Disciplinary Proceeding.
 ORDERED TO SHOW CAUSE.
 Before CUMMINGS, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Attorney Bill T. Walker represented James Davis in appeal No. 94-1555, which is being decided contemporaneously with this order.
 
 
 2
 Attorney Walker did not file a brief, or request an extension of time to do so, until this court issued a rule to show cause. Walker then informed the court that he thought the appeal frivolous and did not want to pursue it. The clerk's office told Walker that he was obliged to continue representing Davis unless Davis consented to the dismissal of the appeal or counsel followed the course prescribed by Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), for alerting the court to all colorable issues and explaining why they are nonetheless frivolous. Circuit Rules 4, 51(a), and 51(d) make these duties and options explicit.
 
 
 3
 Walker took neither course. He filed a brief on the merits, purporting to act as an advocate in a non-frivolous appeal. That brief is woefully deficient. It does not recite any facts, and the argument section, one page long, cites no cases or rules and contains no argument. As an Anders brief this would be unacceptable. As the work of an advocate it is pathetic. United States v. Nururdin, 8 F.3d 1187, 1190 (7th Cir.1993); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.1990). The brief also omits the district judge's findings concerning the motion to withdraw, hindering effective review and violating Circuit Rule 30(a) to boot. United States v. Gomez, 24 F.3d 924, 928-30 (7th Cir.1994). Walker did not file a reply brief, and his oral argument was perfunctory, failing to address the legal standards applicable to the withdrawal of a plea (which is what the appeal sought) or the facts that would support this relief.
 
 
 4
 One of the undeveloped assertions in Walker's one-page argument is that the sentence of 235 months' imprisonment is unauthorized by the Sentencing Guidelines. Walker's brief asserts that the district judge erred in using the 1993 version of the Guidelines rather than the 1991 version, which was in force at the time of the events charged in count two. Yet the brief neglects to identify any difference between the versions of the Guidelines, and none is pertinent to this sentence. Apparently Walker did not bother to read the Guidelines.
 
 
 5
 He also did not read the record. As our opinion on the merits reports, there is some question whether the plea on count two complied with Fed.R.Crim.P. 11(f). The record originally furnished to this court did not contain such a factual basis. Only after we retrieved portions of the record from the state's child welfare service did we find evidence supplying the necessary factual basis. Walker should have scoured the record himself for deficiencies in the plea procedure but apparently did not.
 
 
 6
 In Gomez we required the lawyers who had failed to comply with Circuit Rule 30 to show cause why they should not be subject to professional discipline. The same order is appropriate here. But Walker's conduct may be more serious. By filing a shell of a brief, without developing any argument or complying with the requirements of Anders and Edwards, Walker essentially abandoned his client. He must show cause why that shortcoming should not lead to discipline--which may include suspension or disbarment. Walker's response to this order must be filed within 45 days.