97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard BUNCH, Defendant-Appellant.
 No. 96-2263.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.
Decided Aug. 29, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted inmate Leonard Bunch of possession of an object designed or intended to be used as a weapon, in violation of 18 U.S.C. §§ 1791(a)(2), (d)(1)(B). Bunch's counsel has filed a motion to withdraw accompanied by an Anders brief asserting his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). Pursuant to Circuit Rule 51(a), this court notified Bunch of his right to raise any points that he believes merit appeal; he has not done so. Having reviewed the brief and the record, we are satisfied of counsel's diligence and that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 On October 21, 1995, Bunch and his cellmate were transferred from their cell to the special housing unit of the Federal Correctional Institution at Oxford, Wisconsin, following a disturbance. In a subsequent inventory of the items in the cell, a prison official discovered what appeared to be a makeshift weapon in Bunch's locker, constructed of two padlocks wired together and attached to a belt. Bunch was convicted and sentenced to 24 months of imprisonment, consecutive to his previous sentence for a drug offense, followed by a three-year term of supervised release. The only sentencing level adjustment applied was a two-level increase for obstruction of justice. U.S.S.G. § 3C1.1, based on Bunch's false testimony at trial.
 
 
 3
 Bunch's attorney relates that Bunch, who is African-American, believes he was improperly denied a racially representative jury panel. The voir dire panel contained no African-Americans, and so neither did the jury. Bunch, however, has not suggested that African-Americans were systematically excluded from the venire, and his claim that he was entitled to a racially representative panel is patently unsound. Duren v. Missouri, 439 U.S. 357, 364 (1979); Taylor v. Louisiana, 419 U.S. 522, 538 (1975); United States v. Duff, 76 F.3d 122, 124-25 (7th Cir.1996).
 
 
 4
 Bunch also complains that other inmates have been found with weapons but not referred for prosecution. He appears to claim selective prosecution. "A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." United States v. Armstrong, 116 S.Ct. 1480, 1486 (1996). The prosecutor enjoys broad discretion as to whom to charge, subject to these constitutional constraints. Id. Of the two examples of non-prosecution that Bunch provided to his attorney, one offender was of the same race and one was, perhaps like the defendant, thought to be gang-affiliated. Moreover, his attorney points out that Bunch had committed a prior violation of the same rule for which he was not prosecuted, and that this previous violation may distinguish him from the other offenders. Bunch's claim is frivolous.
 
 
 5
 Bunch might challenge the obstruction of justice enhancement that he received pursuant to U.S.S.G. § 3C1.1. We would review for clear error the district court's determination that Bunch obstructed justice by giving false testimony at trial. United States v. Guiterrez, 1996 WL 436432, at * 3 (7th Cir.1996). At trial, the essential issue was whether Bunch had wired the padlocks together in order to make a weapon or, as he claimed, so that he could obtain items such as potato chips from other prisoners on the prison gallery by casting a string made of torn sheets, weighted by the padlocks, along the gallery floor after the cells were locked down for the night--a practice he described as "fishing". He repeated the same story to the probation officer during preparation of the presentence report. An enhancement under section 3C1.1 is appropriate where the defendant willfully supplies "materially false information" under these circumstances. U.S.S.G. § 3C1.1, comment. (nn. 3, 5); United States v. Dunnigan, 507 U.S. 87 (1993). The jury rejected Bunch's fishy story in reaching its verdict, and the district court reasonably described the testimony as "inherently unbelievable." It would be frivolous to argue that the court clearly erred.
 
 
 6
 Having independently searched the record, we are satisfied that counsel has been diligent and that there are no non-frivolous issues. We therefore GRANT the attorney's motion to withdraw and DISMISS the appeal.