114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando NIEBLA-SANCHEZ, Defendant-Appellant.
 No. 96-2942.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.
Decided May 02, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 Order
 
 1
 As part of a plea bargain, Fernando Niebla-Sanchez pleaded guilty to re-entering the United States illegally following his deportation, in violation of 8 U.S.C. § 1326(a). Sentencing was a contested issue, however. Although Niebla-Sanchez and the prosecutor agreed on the offense level under the Sentencing Guidelines, they did not agree on Niebla-Sanchez's criminal history. Eventually the presentence report placed Niebla-Sanchez in Category VI, the highest possible one, after counting 17 criminal history points. The district court accepted this calculation and sentenced Niebla-Sanchez to 30 months' imprisonment. Niebla-Sanchez appeals; his lawyer has filed an Anders brief and a motion to withdraw; although notified under Circuit Rule 51(a), Niebla-Sanchez has not filed a response identifying any issue he seeks to raise.
 
 
 2
 Counsel's submission, which satisfies Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985), identifies two potential issues. First is whether trial counsel provided ineffective assistance by making an untimely objection to the consideration of Niebla-Sanchez's 1980 conviction for burglary, which contributed 3 of the 17 criminal history points. As appellate counsel observes, however, even if these 3 points had been disregarded, Niebla-Sanchez still would have had 14 criminal history points, and still would have been in Category VI. Counsel's delay therefore did not cause prejudice. The second potential issue is whether the district judge should have imposed a sentence below the Guideline range. As counsel recognizes, however, we lack jurisdiction to consider appeals based on failure to grant downward departure, provided the district court recognizes that it had discretion to depart--as the judge here did recognize.
 
 
 3
 Both potential issues therefore would be frivolous. The motion to withdraw is granted, and the appeal is dismissed.