124 F.3d 205
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Connell Steve HARDY, Defendant-Appellant.
 No. 97-1416.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 24, 1997.
Decided July 8, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 1416 V. No.94 CR 439; Harold A. Baker, Judge.
 
 
 1
 Before KENNETH F. RIPPLE, C.J., ILANA DIAMOND ROVNER, C.J., and TERENCE T. EVANS, C.J.
 
 ORDER
 
 2
 Connell Steve Hardy was convicted in 1995 for possession of a dangerous weapon in a facility with an intent to use it in the commission of a crime. 18 U.S.C. § 930(b). The charge was filed because Hardy entered the Dirksen Building in downtown Chicago with a knife, intent on harming District Judge George Marovich and his minute clerk. Hardy was sentenced on February 16, 1996, to a term of imprisonment and supervised release. On appeal, we affirmed Hardy's conviction and concluded that we lacked jurisdiction to consider the sentencing issue that he raised. United States v. Hardy, 101 F.3d 1210 (7th Cir.1996).
 
 
 3
 Hardy began his 3-year term of supervised release on April 4, 1996. As part of his release he was required to report to a probation officer and submit a written report at the beginning of each month. In December 1996, the government filed a petition for an order to show cause why Hardy's supervised release should not be revoked because he failed to report to his probation officer and submit required written reports. On January 21, 1997, the district court held a hearing on this matter. At the hearing, Probation Officer Marcellino Rivera, who was assigned to monitor Hardy's release, testified that by the beginning of September, Hardy stopped fulfilling his obligations to report in person and to file written reports even though Rivera continued to request that he do so. Hardy presented no evidence in his defense.
 
 
 4
 The district court determined that Hardy had violated the terms of his supervised release and sentenced him to incarceration for a term of 90 days. Hardy then filed a timely notice of appeal. His appointed appellate counsel has filed a brief indicating that there is no nonfrivolous ground for appeal and requests this court to allow him to withdraw as counsel and dismiss the appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Evans, 777 F.2d 364 (7th Cir.1985). The clerk of the court informed Hardy of his counsel's filing. Cir. Rule 51(a). Hardy has filed a response indicating why he believes an appeal would not be frivolous, although he does not address any issues relevant to his revocation of supervised release; he only takes issue with his original conviction, which is not at issue in this appeal.
 
 
 5
 We grant counsel's motion to withdraw and dismiss the appeal on the ground that it is frivolous. As counsel has pointed out, there are only two potential issues here, whether the district court properly concluded that Hardy had violated the terms of his supervised release and whether he properly imposed sentence. The district judge may revoke a term of supervised release if he finds by a preponderance of the evidence that the defendant violated one of the conditions imposed upon him. 18 U.S.C. § 3583; United States v. Goad 44 F.3d 580, 585 (7th Cir.1995). Here, Hardy's probation officer provided unchallenged testimony that Hardy violated two of the conditions of his release. The preponderance standard was easily met, and any challenge to the judge's finding on appeal would be frivolous.
 
 
 6
 If a judge revokes a defendant's supervised release, he may require the defendant to serve all or part of the term of supervised release. 18 U.S.C. § 3583. The sentencing guidelines provide recommended ranges of imprisonment for these cases. See U.S.S.G. § 7B1.4(a) (Policy Statement). Here, Hardy committed a grade C violation and had a criminal history category of 1. The guidelines recommend a range of 3 to 9 months for such a violation. Id. Because the sentencing ranges are contained in a policy statement, the judge is not bound by them; he only must consider the suggested sentence. United States v. Hale, 107 F.3d 526, 529 (7th Cir.1997). If he properly considers the guidelines range, we will affirm the choice of sentence upon the revocation of supervised release unless the sentence was plainly unreasonable. 18 U.S.C. § 3742(a)(4); Hale, 107 F.3d at 529. Here, the district judge considered the applicable range and imposed a sentence at the low end. As this sentence was within the recommended zone, Hardy has no argument that it was plainly unreasonable. Therefore, an appeal of his sentence would be frivolous.
 
 
 7
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.