# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00466-CV

---

**M. S., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE 274TH DISTRICT COURT OF HAYS COUNTY**
**NO. 24-0506, THE HONORABLE MELISSA MCCLENAHAN, JUDGE PRESIDING**

---

### C O N C U R R I N G   O P I N I O N

For the reasons I expressed in a prior concurrence, I believe that the Court should not have analyzed the case under both (D) and (E) grounds. *See R.R. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-24-00435-CV, 2024 WL 4574360, at *12-13 (Tex. App.—Austin Oct. 25, 2024, no pet. h.) (mem. op.) (Baker, J., concurring). However, I do agree with the Court's decision to affirm the trial court's order of termination based on the evidence pertaining to the (E) ground.

Additionally, I write separately to express my belief that the arguments made by Father's counsel in this case are frivolous. *See McCoy v. Court of Appeals*, 486 U.S. 429, 436 (1988) (noting that retained and appointed counsel have "an ethical obligation to refuse to prosecute a frivolous appeal"). An appeal is considered frivolous when it "lacks any basis in law or fact," *id.* at 438 n.10, and frivolous arguments are those that "cannot conceivably persuade

the court," *id.* at 436 (quoting *United States v. Edwards*, 777 F.2d 364, 365 (7th Cir.1985) (per curiam)).  In fact, lawyers have "no duty, indeed no right, to pester a court with frivolous arguments."  *Edwards*, 777 F.2d at 365.

As set out in the Court's opinion, the evidence established that Father violently attacked Mother while the youngest child was in bed with Mother and that Mother died due to the traumatic head injuries sustained in the attack.  It is hard to imagine a stronger case that would establish that Father knowingly engaged in conduct that endangered the children's physical or emotional well-being irrespective of the evidentiary complaints asserted.  *See* Tex. Fam. Code § 161.001(b)(1)(E); *see In re E.M.N.*, 221 S.W.3d 815, 824, 825 (Tex. App.—Fort Worth 2007, no pet.) (collecting cases standing for proposition that murder of one parent by other parent supports termination under (E)); *In re S.K.S.*, 648 S.W.2d 402, 404 (Tex. App.—San Antonio 1983, no writ) (reasoning that conviction for murdering mother of child would, without more, constitute conduct endangering physical or emotional well-being of child under predecessor to section 161.001); *see also In re S.B.*, 207 S.W.3d 877, 885 (Tex. App.—Fort Worth 2006, no pet.) (affirming termination under subsection (E) when father murdered children's mother while children were present); *Blakeney v. McRee*. 188 So. 3d 1154, 1160-61 (Miss. 2016) (concluding that termination of parental rights was supported by evidence and that "[t]he assistance of counsel cannot change the fact that [parent] was convicted of murdering his wife's father in front of his children . . . .").  Termination of parental rights under these circumstances is designed "to safeguard the public welfare and advance the public interest." *In re E.M.N.*, 221 S.W.3d at 825.  Accordingly, I believe it was incumbent on appellate counsel not to present what clearly seems to be frivolous claims on appeal.

For these reasons, I respectfully concur in the Court's judgment affirming the trial court's termination order. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003) ("Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination . . . ."); *J.B.M.H. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-22-00661-CV, 2023 WL 2920315, at \*8 (Tex. App.—Austin Apr. 13, 2023, pet denied) (mem. op.) (concluded that it is only necessary to affirm on "one endangerment finding under either (D) or (E) without addressing the other endangerment finding, even in cases where the other finding is challenged on appeal").

_____

Thomas J. Baker, Justice

Before Justices Baker, Smith, and Theofanis

Filed:   November 22, 2024