16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Manuel HUITRON, Defendant-Appellant.
 No. 93-2481.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1994.
Decided Feb. 15, 1994.
 
 Before ESCHBACH, FLAUM, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury found defendant Luis Huitron guilty of possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), and he appeals from that conviction. Defendant's appointed attorney has filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and United States v. Edwards, 777 F.2d 364 (7th Cir.1985). On October 14, 1993, this court notified defendant of his attorney's motion, and of his right to respond, which he did not exercise. See Cir.R. 51(a). After an independent review, we conclude that there are no non-frivolous issues. We grant counsel's motion to withdraw and dismiss the appeal as frivolous.
 
 
 2
 Officer Hargrove testified that on June 22, 1991, he executed a search warrant in an apartment and found fifteen plastic baggies filled with a white substance in the refrigerator. The substance was later tested and found to be cocaine. Officer Chavarria testified that on June 22, 1991, he translated an oral statement defendant made. Defendant stated that he regularly travelled to California, buying one-quarter to one-half kilos of cocaine and then returned to Indiana to sell the cocaine. Agent Balbo testified that on June 22, 1991, defendant was present in the apartment in question, and that in the apartment the police found utility bills in defendant's name.
 
 
 3
 Defendant testified that the apartment was actually his brother's. It was in defendant's name because he had the proper immigration papers and his brother did not. He testified further that the cocaine belonged to his brother. He made the post-arrest statement to Agent Balbo only because the police had promised that if defendant helped them, they would in turn help him.
 
 
 4
 In the Anders brief, counsel raises one possible ground for appeal: whether the district court erred in permitting Trooper Brown to testify that six months prior to defendant's arrest, Brown twice bought $500 worth of cocaine from defendant.
 
 
 5
 Under the relevant test, we find no abuse of discretion in admitting the evidence of defendant's prior bad acts. See Fed.R.Evid. 404(b); United States v. Monzon, 869 F.2d 338 (7th Cir.1989); United States v. Shackleford, 738 F.2d 776, 779 (7th Cir.1984). The evidence was relevant to motive, intent and knowledge, which were matters in issue other than defendant's propensity to commit the charged crime.
 
 
 6
 First, the act was similar in nature (possession with intent to sell cocaine). Defendant argues that the acts are dissimilar because the prior act was sale of cocaine, and he was charged only with possession with intent to distribute. The difference between an actual sale and possession with intent to sell is not sufficient to make the evidence inadmissible. See United States v. Troop, 890 F.2d 1393, 1401 (7th Cir.1989) (evidence of prior use and skimming cocaine of amounts which were later sold showed motive to sell and connected his prior use with later sales ).
 
 
 7
 Second, the acts were also close in time (six months) to the charged crime. See United States v. Smith, 995 F.2d 662, 672 (7th Cir.1993) (two years).
 
 
 8
 Third, defendant argues that there was no proof that the substance purchased was in fact cocaine. However, Brown's testimony that defendant in fact sold him cocaine was sufficient. See Troop, 890 F.2d at 1401-02 (testimony that officer recovered a syringe and a spoon, tools used to inject cocaine, was sufficient to allow jury to find defendant had used cocaine on previous occasions); United States v. Chaimson, 760 F.2d 798, 807-08 (7th Cir.1985) (direct testimony of a defendant's participation in the prior crime is sufficient).
 
 
 9
 Finally, the probative value of the evidence outweighted any prejudicial effect it might have had. Defendant argues that the prior bad acts testimony was "devastating" since his defense was based on the fact that the cocaine "found in his apartment was his brother's." There was sufficient evidence that defendant lived in the apartment. See Huddleston v. United States, 108 S.Ct. 1496, 1499 (1988) (only "sufficient evidence to support a finding by the jury that the defendant committed the similar act" is required in order to introduce evidence of the prior act). We also note that the district court gave the jury a limiting instruction on this issue. See Smith, 995 F.2d at 672 (any prejudice to defendant was limited by jury instruction advising jury that prior acts could only be considered on the issue of knowledge and intent).
 
 
 10
 Our review of the record discloses no other possible issues which could be raised on appeal. Accordingly, we GRANT defense counsel's motion to withdraw, and we DISMISS the appeal.