21 F.3d 431
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert HARRIS, Defendant-Appellant.
 No. 93-3149.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.
Decided March 28, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert Harris pleaded guilty to two counts of cocaine distribution in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court sentenced Harris to two concurrent terms of 75 months' imprisonment, followed by three years of supervised release. We affirmed Harris' sentence but remanded his case for the limited purpose of permitting the district court to make and attach written findings of fact to the presentence investigation report ("PSI"), as required by Federal Rule of Criminal Procedure 32(c)(3)(D). United States v. Villasenor, 977 F.2d 331, 338-39 (7th Cir.1992), cert. denied, 113 S.Ct. 1340 (1993). On remand the district court made written findings of fact and attached them to the PSI. Harris again appealed. We granted the government's motion for remand and suspension of briefing schedule, which was not opposed by Harris, on the ground that the district court had still failed to comply with Rule 32(c)(3)(D). The district court then made additional written findings of fact and attached them to the PSI. This appeal followed.
 
 
 2
 Harris' court-appointed attorney, Paul G. Bonneson, moved to withdraw from the appeal on the ground that it was frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). We notified Harris of his attorney's motion and his right to file a response. Circuit Rule 51(a). No such response was filed. Concluding that the district court has now fully complied with Rule 32(c)(3)(D), we grant counsel's motion to withdraw and dismiss the appeal.
 
 Rule 32(c)(3)(D) provides:
 
 3
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.
 
 
 4
 Fed.R.Crim.P. 32(c)(3)(D).
 
 
 5
 Our review of the record reveals that the following factual inaccuracies in the PSI were alleged by Harris and his counsel: (1) the amount of cocaine attributed to Harris (3.258 kilograms) was excessive; (2) the failure to receive a two-level reduction for acceptance of responsibility was incorrect; (3) Harris' first offense for driving while intoxicated was not a conviction under Wisconsin law; (4) his sentence of seven days' imprisonment and one-year conditional discharge for unlawful use of a weapon under Illinois law was not a prior sentence under U.S.S.G. Sec. 4A1.2(a); and (5) his conviction for attempted unlawful possession of a controlled substance was a traffic offense which over-represented his criminal history. The district court made factual findings with respect to each of these issues during the sentencing hearing. The order of the district court, which was ordered to be appended to and to accompany any copy of the PSI made available to the Bureau of Prisons, contains written factual findings with respect to each of these issues. Therefore, the district court has now fully complied with Rule 32(c)(3)(D).
 
 
 6
 There are no other issues of any merit. Attorney Bonneson's motion to withdraw is GRANTED, and the appeal is DISMISSED.