25 F.3d 1054
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Horthy VIVERETTE, Jr., Defendant-Appellant.
 No. 92-1034.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1994.
Decided May 6, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Horthy Viverette, Jr., pleaded guilty to federal drug trafficking and firearms offenses, and was sentenced to three concurrent terms of 52 months imprisonment and one consecutive term of 60 months imprisonment. Viverette's court-appointed attorney, David S. Berman, now seeks to withdraw from this appeal, believing it to be without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985); 7th Cir.R. 51(a). We notified Viverette of his attorney's motion and his right to respond, but no response was filed. Because we are satisfied that the record presents no grounds for a nonfrivolous appeal, we grant Berman's motion and dismiss this appeal.
 
 
 2
 On June 18, 1991, a federal grand jury returned a two-count indictment against Viverette, charging him with one count of possessing with intent to distribute approximately one pound of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1), and one count of using a firearm in a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c). He was subsequently charged by information with one count of receiving five firearms while under state court indictment for a crime punishable by more than one year in prison, in violation of 18 U.S.C. Sec. 922(n), and one count of knowingly exhibiting a false identification to a firearms dealer in order to purchase the five firearms in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a)(1)(B).[1] Viverette entered into a written plea agreement and stipulation of facts on all four counts. In exchange for his guilty plea, the government agreed to advise the court of Viverette's cooperation and to recommend that Viverette receive a two-level reduction in base offense level for acceptance of responsibility. In a separate document, the government also stated that it did not intend to pursue conspiracy charges against Viverette.[2]
 
 
 3
 Viverette's plea hearing was held on September 11, 1991, with Viverette represented by retained counsel. The district judge conducted a careful and thorough Rule 11 colloquy, ensuring that Viverette's guilty plea was knowingly, intelligently and voluntarily made, with a full appreciation of the nature of the charges against him and of the constitutional rights he would be giving up by pleading guilty.[3] See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 748-50 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Fed.R.Crim.P. 11(c)(3)-(4), (d). Viverette was advised that the court was not bound by his plea agreement with the government, that by pleading guilty to all four counts he faced a maximum penalty of thirty-five years in prison and a fine of up to $750,000, and that he would not be permitted to change his plea should he later be dissatisfied with his sentence.[4] See Fed.R.Crim.P. 11(c)(1), (e)(2). The district judge asked the government to describe the evidence it had against Viverette, then placed Viverette under oath and interrogated him to establish the factual basis for his plea.[5] See Fed.R.Crim.P. 11(f). The judge then accepted Viverette's guilty plea on each of the four counts, and ordered the preparation of a presentence report. We therefore agree with counsel that there is no potentially meritorious issue for appeal arising out of Viverette's plea hearing.
 
 
 4
 We must also satisfy ourselves that Viverette's sentence was imposed in conformity with Rule 32 of the Federal Rules of Criminal Procedure, the United States Sentencing Guidelines, and federal statute. At Viverette's sentencing hearing, held December 23, 1991, the district court determined that Viverette and counsel were timely provided with a copy of the presentence report and had had an opportunity to read and discuss it.[6] See Fed.R.Crim.P. 32(a)(1)(A). After establishing that neither Viverette nor the government had any objections to the factual findings contained in the presentence report, the district court formally adopted those findings.[7] In compliance with Rule 32(a)(1)(B)-(C), the court addressed Viverette personally, allowing him to make any comments he wished, and afforded counsel an opportunity to speak on Viverette's behalf.
 
 
 5
 Based on the amount of cocaine Viverette possessed with intent to distribute, 482.55 grams, the district court set Viverette's base offense level at 24. See U.S.S.G. Sec. 2D1.1(a)(3). Under Sec. 3D1.4(c), the combined adjusted offense level for the first count of the indictment and the two counts of the information remained unchanged. Finding that Viverette was genuinely remorseful, the district court granted a two-level reduction for acceptance of responsibility pursuant to Sec. 3E1.1(a), to produce a total offense level of 22. As a result of one prior conviction for fleeing from an officer while driving an automobile after his driver's license was revoked, Viverette's criminal history category was determined to be III, thus yielding a sentencing range of 51 to 63 months. Viverette also faced a statutory minimum term of five years in prison for using a firearm in connection with drug trafficking. See 18 U.S.C. Sec. 924(c). The district judge accordingly sentenced Viverette to three concurrent terms of 52 months imprisonment and the mandatory consecutive term of five years imprisonment, all to be followed by three years of supervised release. We find no error in the district court's application of the Guidelines and statute.
 
 
 6
 Having found no meritorious issues for appeal, we GRANT counsel's motion to withdraw, and DISMISS this appeal as frivolous.
 
 
 
 [1]
 Prior to pleading guilty, Viverette waived his right to be indicted by a grand jury on the latter two counts. (R. at 10, Tr. at 12-13.)
 
 
 [2]
 (Tr. at 42.) The document itself has not been made part of the record on appeal
 
 
 [3]
 (Tr. at 16-24.)
 
 
 [4]
 (Tr. at 6-12, 17-18.)
 
 
 [5]
 (Tr. at 24-41.)
 
 
 [6]
 (Tr. at 49.)
 
 
 [7]
 (Tr. at 49-50.)