30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionel TOLBERT, Defendant-Appellant.
 No. 93-3870.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 30, 1994.
Decided July 26, 1994.
 
 Before CUDAHY, COFFEY and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, Lionel Tolbert pleaded guilty to one count of attempt to possess with intent to distribute one kilogram of cocaine in violation of 21 U.S.C. Secs. 841 and 846, and 18 U.S.C. Sec. 2. The district court sentenced Tolbert to 66 months' imprisonment followed by four years of supervised release, to be served consecutive to a previously imposed federal sentence. On appeal, Tolbert's court-appointed attorney, David R. Saggio, filed a motion to withdraw from the appeal on the ground that it was frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). We notified Tolbert of his attorney's motion and his right to file a response. Circuit Rule 51(a). No such response was filed. Concluding that there is no nonfrivolous issue for appeal, we grant counsel's motion to withdraw and dismiss for the appeal.
 
 
 2
 Tolbert's change of plea hearing was held on September 20, 1993. Tolbert was represented by attorney Saggio. The district court conducted a thoughtful and thorough Rule 11 colloquy. Change of Plea Hr'g Tr. at 4-30. The district court carefully determined that Tolbert's guilty plea was made knowingly, intelligently, and voluntarily, with a full understanding of the nature of the charge against him and of the constitutional rights he would be waiving by pleading guilty. Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976); North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 748-50 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Fed.R.Crim.P. 11(c)(1), (3)-(5), (d). The district court informed Tolbert that by pleading guilty he faced a minimum penalty of five years' imprisonment and a maximum penalty of forty years' imprisonment, a maximum fine of $2,000,000, a minimum mandatory special assessment of $50, and at least four years of supervised release. Change of Plea Hr'g Tr. at 8-9; see Fed.R.Crim.P. 11(c)(1). The district court informed Tolbert that if he was dissatisfied with his sentence, he would not be permitted to withdraw his guilty plea. Change of Plea Hr'g Tr. at 12; see Fed.R.Crim.P. 11(e)(2). The district court also informed Tolbert that by pleading guilty he was waiving his constitutional rights to a presumption of innocence, to a public and speedy trial by jury, to confront and cross-examine adverse witnesses, to remain silent, and to testify in his defense. Change of Plea Hr'g Tr. at 13-14; see Fed.R.Crim.P. 11(c)(3)-(4). The district court closely questioned Tolbert under oath to establish the factual basis for his guilty plea, Change of Plea Hr'g Tr. at 19-22, and heard the government's proffer of evidence, Change of Plea Hr'g Tr. at 22-24. See Fed.R.Crim.P. 11(f). The district court then accepted Tolbert's guilty plea and ordered the preparation of a presentence report. We agree with counsel that there is no potentially meritorious issue for appeal concerning Tolbert's guilty plea hearing.
 
 
 3
 We must next determine whether Tolbert was sentenced in compliance with Federal Rule of Criminal Procedure 32, the United States Sentencing Guidelines, and federal statute. Tolbert's sentencing hearing was held on November 22, 1993. The district court determined that Tolbert and his counsel were timely provided with a copy of the presentence report and an addendum to the presentence report which contained the parties' objections, and had sufficient opportunity to review the documents prior to the hearing. Sentencing Hr'g Tr. at 2-3; see Fed.R.Crim.P. 32(a)(1)(A). After receiving Tolbert's objection to the presentence report and the addendum, the district court formally adopted the factual findings in the presentence report, as modified by the addendum, with the exception of the references to firearms in paragraph 42 of the report, which were ordered to be deleted. Sentencing Hr'g Tr. at 3-4. The district court addressed Tolbert personally, allowed Tolbert to make any comments he wished, afforded counsel an opportunity to speak on Tolbert's behalf, and afforded the attorney for the government an equivalent opportunity to speak to the court. See Fed.R.Crim.P. 32(a)(1)(B)-(C). The district court fully complied with Federal Rule of Criminal Procedure 32 in sentencing Tolbert.
 
 
 4
 Because Tolbert attempted to possess one kilogram of cocaine with the intent to distribute, the district court determined Tolbert's base offense level to be 26. U.S.S.G. Secs. 2D1.1(a)(3), 2D1.1(c)(9) (1992). The district court found that Tolbert clearly demonstrated acceptance of responsibility for his offense and accordingly granted a two-level reduction in his offense level. U.S.S.G. Sec. 3E1.1(a). The district court also found that Tolbert gave timely information concerning his involvement in the offense and timely notification of his intention to plead guilty, and therefore granted an additional one-level reduction, U.S.S.G. Sec. 3E1.1(b), producing a total offense level of 23. The district court determined Tolbert's criminal history category to be III because Tolbert had prior federal convictions for conspiracy to possess with intent to distribute cocaine, 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine, 21 U.S.C. Sec. 841(a)(1), U.S.S.G. Sec. 4A1.1(a), and because Tolbert committed the instant offense while under a criminal justice sentence, U.S.S.G. Sec. 4A1.1(d), and while imprisoned at the McHenry County Jail in pre-release status, U.S.S.G. Sec. 4A1.1(e). Tolbert's sentencing range was between 57 and 71 months. Tolbert also faced a statutory minimum penalty of five years' imprisonment. 21 U.S.C. Secs. 841(b)(1)(B), 846. The district court sentenced Tolbert to 66 months' imprisonment and four years' supervised release, to be served consecutive to Tolbert's previously imposed federal sentence. U.S.S.G. Sec. 5G1.3(a). The district court also imposed a fine of $1,000 and the mandatory special assessment of $50. We find no error in the district court's application of the Sentencing Guidelines and federal statutes.
 
 
 5
 We must comment on the arguable adequacy of Saggio's brief in support of his motion to withdraw. An Anders brief should "(1) identify, with record references and case citations, any feature of the proceeding in the district court that a court or another lawyer might conceivably think worth citing to the appellate court as a possible ground of error; (2) sketch the argument for reversal that might be made with respect to each such potential ground of error; and (3) explain why he nevertheless believes that none of these arguments is nonfrivolous." Edwards, 777 F.2d at 366. The Anders brief "serves the valuable purpose of assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is indeed so frivolous that it may be decided without adversary presentation." Penson v. Ohio, 488 U.S. 75, 81-82 (1988) (footnote omitted) (emphasis supplied). Saggio's brief is, only by the most generous estimate, sufficient to satisfy these requirements. The brief, which is only five pages long, contains a mere two pages of argument. These were of absolutely no help to us in reviewing this appeal. The matters covered by this order should have been the subject of the Anders brief and in the future we will not be satisfied with submissions such as attorney Saggio's here.
 
 
 6
 There are no other issues of any merit. Attorney Saggio's motion to withdraw is GRANTED, and the appeal is DISMISSED.