35 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Leonard SHAND, Defendant/Appellant.
 No. 93-3385.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 1, 1994.
Decided Sept. 6, 1994.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Leonard Shand entered a plea of guilty to one count of forcibly assaulting, impeding and interfering with a federal correctional officer in violation of 18 U.S.C. Sec. 111. The district court accepted the plea and sentenced Shand to 18 months of imprisonment, one year of supervised release, a $100 fine and a $50 special assessment.[1] Shand's appointed counsel has moved to withdraw from the appeal, believing it without merit or possibility of success. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). The court notified Shand of his attorney's motion, and he has filed a response. Cir.Rule 51(a). Because we find no arguably meritorious issue for appeal, we grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 The only potential issue raised by counsel in his brief and Shand in his response is whether the government violated the plea agreement by recommending that Shand be sentenced to 18 months of imprisonment. The plea agreement stated that: "The Government will recommend that the Defendant receive an executed sentence within the range provided by the Sentencing Reform Act of 1984, and it is free to present evidence and argument in such regard." Memorandum of Plea Agreement at p 2 (emphasis added). The United States Probation Office determined that Shand fell into criminal history category V and that his offense level was 7. This resulted in a sentencing range of 12 to 18 months.
 
 
 3
 Shand argues that 18 months is not "within" the 12 to 18 month range. In other words, he claims that he cannot be sentenced to either 12 or 18 months because each falls at the end of the appropriate range and therefore is not within the range. This claim is without merit. The Sentencing Guidelines state that "[a] sentence conforms with the guidelines for imprisonment if it is within the minimum and maximum terms of the applicable guideline range." U.S.S.G. Sec. 5C1.1. By example, Application Note 1 to Sec. 5C1.1 makes it clear that both the minimum and maximum sentences may be imposed: "[I]f the defendant has an Offense Level of 20 and a Criminal History Category of I, the applicable guideline range is 33-41 months of imprisonment. Therefore, a sentence of imprisonment of at least thirty-three months, but not more than forty-one months, is within the applicable guideline range." U.S.S.G. Sec. 5C1.1, comment. (n. 1); see Stinson v. United States, 113 S.Ct. 1913, 1915 (1993) (Guideline commentary that explains or interprets a guideline is authoritative unless it violates the Constitution or federal statute). The government did not violate the agreement by asking for the maximum sentence allowed within the guideline range.
 
 
 4
 Further, we have reviewed the transcript of Shand's change of plea hearing. The district judge conducted a careful and thorough Rule 11 colloquy, ensuring that Shand's guilty plea was knowingly, intelligently and voluntarily made, with a full appreciation of the nature of the charged against him and of the constitutional rights he gave up by pleading guilty. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742, 748-50 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); Fed.R.Crim.P. 11(c)(3)-(4), (d). After reviewing counsel's brief, Shand's response and Shand's plea, we find no arguably meritorious issue for appeal and GRANT counsel's motion to withdraw and DISMISS the appeal.
 
 
 
 [1]
 At sentencing, the district court stated: "I chose the top end of the sentencing range because of the seriousness of the offense, the danger that was posed by the conduct of the defendant, and the extensive criminal record that he has which shows the continued pattern of criminal activity by this defendant." Sentencing Transcript at 11