91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald A. DeLYONS, also known as Ronald A. Avant, also known
as Ronald E. Avant, also known as Ronald A. De
Lyons, Defendant-Appellant.
 No. 96-1860.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 19, 1996.*
Decided July 19, 1996.
 
 Before POSNER, Chief Judge, and ROVNER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Ronald DeLyons[1] pleaded guilty to armed bank robbery and possession of a firearm by a convicted felon, respective violations of 18 U.S.C. § 2113(a), (d) and 18 U.S.C. § 922(g). The district court sentenced DeLyons to 188 months concurrent imprisonment on each count, five years supervised release, and payment of restitution. On appeal, DeLyons's counsel filed a motion to withdraw and an Anders brief asserting his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). Pursuant to Circuit Rule 51(a), DeLyons was notified of his right to respond, but he has not done so. We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 2
 The following facts were presented to the district court. In late 1995 DeLyons, a convicted felon, robbed the federally insured Guaranty Bank in Milwaukee, Wisconsin, brandishing a .38 caliber revolver. DeLyons was quickly identified after his picture from the bank surveillance cameras was broadcast on the news, and he turned himself in a few days later. He was identified in a photo array by several of the bank employees present during the robbery, with the sole exception of the teller whom he robbed, who could only say that of the photos presented DeLyons's most resembled the robber.
 
 
 3
 DeLyons's girlfriend notified police that he had left a gym bag behind at her home. A search of the bag revealed a .25 caliber semiautomatic pistol and assorted .25 and .38 caliber ammunition, all of which had been manufactured out-of-state. After receiving Miranda warnings, DeLyons confessed to the robbery and admitted possessing the pistol and ammunition. He stated that he had disposed of the .38 caliber revolver used in the robbery; the gun was not recovered.
 
 
 4
 A review of the January 24, 1996, change of plea hearing transcript indicates that DeLyons's guilty plea followed a meaningful colloquy with the court in conformity with Federal Rule of Criminal Procedure 11. There is no reason in the record to doubt that his plea was a voluntary, knowing, and intelligent waiver of his rights. The government furnished a sufficient factual basis to sustain the charges of bank robbery and possession of a firearm by a felon.
 
 
 5
 At the April 2, 1996, sentencing hearing, DeLyons made several minor factual objections to the presentence report (PSR), none of which bore any consequences to the Guidelines calculation. The district court adopted the PSR sentencing recommendation without objection. In light of his two prior violent felony convictions, DeLyons was classified as a career offender pursuant to USSG § 4B1.1, resulting in a criminal history category of VI and an offense level of 34. The district court reduced the offense level to 31 for DeLyons's acceptance of responsibility, USSG § 3E1.1, and sentenced him to the minimum term of imprisonment in the applicable Guidelines range of 188-235 months. The sentencing was conducted in conformity with the procedural protections set forth in Federal Rule of Criminal Procedure 32.
 
 
 6
 In sum, no non-frivolous issues exist on which DeLyons could base an appeal. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 DeLyons has also been known by his stepfather's last name, Avant