UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 14, 2006
Decided August 3, 2006

**Before**

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4017

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | 4:04CR40023-001-JPG |
| GEORGE RUSH, III, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**ORDER**

George Rush pleaded guilty to three counts of possession with intent to distribute crack cocaine.  *See* 21 U.S.C. § 841(a)(1).  He was originally sentenced in September 2004, but we vacated the judgment in light of *United States v. Booker*, 543 U.S. 220 (2005), and remanded for resentencing.  *See United States v. Rush*, No. 04-3547 (7th Cir. Apr. 8, 2005).  In resentencing Rush in October 2005, the district court adopted the same guidelines calculations and once again imposed concurrent terms of 235 months of imprisonment and six years of supervised release.   Rush filed another appeal, but his appointed lawyer has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous argument on appeal.  We invited Rush to respond, *see* Cir. R. 51(b), but has not done so.

We note that counsel does not, as he is supposed to, explain why the potential issue he mentions in his *Anders* brief is frivolous, *United States v. Edwards*, 777 F.2d 364, 366 (7th Cir. 1985) (per curiam). Instead, he has argued that the identified potential issue is meritorious. This is more than an error of form since it would normally tend to defeat rather than support a motion to withdraw. However, we conclude that the *Anders* brief marshals the arguments relating to the reasonableness of the sentences and provides a sufficient basis to evaluate the frivolousness of the issue. In addition, counsel does make a general statement in his motion to withdraw that he can find no nonfrivolous issues on appeal. Therefore it is clear that counsel intended his brief to be an *Anders* submission, and we will consider it as such.

Our earlier remand was premised solely on *Booker*, so any issues concerning Rush's guilty pleas or the reinstated guidelines calculations were beyond the scope of the remand and thus are also beyond the scope of this appeal. *See United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) (explaining that issues decided in initial appeal, as well as issues that could have been raised but were not, are beyond scope of remand); *United States v. Sumner*, 325 F.3d 884, 891–92 (7th Cir. 2003) (same). It is understandable, then, that the only potential issue counsel has identified is the possibility that Rush could challenge his prison terms as unreasonable.

In any event, the prison terms are presumptively reasonable because they fall within the guidelines range, *see United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), leaving counsel to evaluate two possible reasons why the presumption should give way. First he wonders whether Rush might argue that designating him as a career offender under U.S.S.G. § 4B1.1 (which the district court did) created the kind of "unwarranted sentence disparity" that 18 U.S.C. § 3553(a)(6) discourages; counsel observes that other dealers lacking Rush's extensive criminal history would have faced much shorter imprisonment ranges for selling the same small amounts of crack. But as we have said, differences in sentences that result from correct applications of the guidelines are not "unwarranted." *See United States v. Miller*, 450 F.3d 270, 275–76 (7th Cir. 2006); *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006), *petition for cert. filed*, 74 U.S.L.W. 3629 (U.S. Apr. 27, 2006) (No. 05-1379). Second, counsel considers whether Rush could contend that his overall sentence of 235 months is unreasonable when compared to the short time he served for his prior convictions, yet the very fact that short stints in jail had no deterrent effect is what led the district court to conclude that a *long* time in prison was necessary. Neither reason suggested by counsel would rebut the presumption arising from a sentence within the guidelines range, and thus the reasonableness challenge that counsel envisions would be frivolous.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.